[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
MOTION FOR SUMMARY JUDGMENT [142]
Plaintiff, Richard K. LoRicco, Sr., brought this foreclosure action based on a note and mortgage executed by the defendant, Edmund L. Pantani. Plaintiff was the payee/mortgagee. The defendant Edmund L. Pantani was the maker/mortgagor. The note and mortgage were executed on May 26, 1993. The original principal amount of the debt was $112,800. The mortgage was on a property known as 226 Palmer Neck Road, Stonington.
Plaintiff has "moved for summary judgment as to liability only." Motion for Summary Judgment, July 24, 1998. [142] An affidavit made by the plaintiff, Richard A. LoRicco, Sr., accompanied the motion. See Affidavit of Richard A. LoRicco, Sr., July 24, 1998. [144]
At oral argument, plaintiff's counsel made clear plaintiff was not seeking a determination of the debt in this partial summary judgment proceeding.
The defendant, Edmund L. Pantani, filed an objection to the CT Page 3976 motion for summary judgment. See Motion In Opposition To Summary Judgment, August 20, 1998. [149.00] He also filed a memorandum objecting to the motion for summary judgment. See Memorandum of Law In Support of Opposition To Motion For Summary Judgment, August 20, 1998. [149.01] Pantani also filed his affidavit. See Affidavit In Support of Objection To Motion For Summary Judgment, August 20, 1998. [149.02]
To succeed in his motion for partial summary judgment, initially, plaintiff must establish the requisites for his cause of action. Plaintiff must establish that defendant Edmund L. Pantani executed the note and mortgage, that plaintiff is the holder thereof, and the note and mortgage are in default.
The principal defendants here are Edmund L. Pantani and his wife, T. Marie Pantani. She is a defendant because she may claim an interest in the property as owner and because she is in possession of the premises. Complaint, ¶¶ 9, 10, and 11. In this decision "Pantani" means the defendant Edmund L. Pantani.
In his complaint, LoRicco alleges Pantani executed the note and mortgage to LoRicco on May 26, 1993. The amount thereof was $112,800. Complaint, ¶¶ 1, 2, and 3. In his Answer, Pantani purports to deny ¶ 1 of the Complaint which alleges Pantani's execution of the note; but, Pantani then states that Pantani received no value for the Note that was signed on May 26, 1993. Answer, ¶ 1, [110] LoRicco's affidavit states that Pantani executed the note and mortgage. LoRicco Affidavit, ¶¶ 4, 6, 21, and 25. Pantani filed an affidavit with his papers opposing the motion for summary judgment. See Affidavit In Support of Objection To Motion For Summary Judgment, August 20, 1998. [149.02] With respect to execution of the note, Pantani states: "I contest the validity and the amount of the original note . . . dated May 26, 1993. Id., ¶ 3. That is not a denial of execution. Pantani's affidavit hardly raises an issue regarding his execution of the note. The plaintiff has established execution and Pantani has not raised a genuine issue of fact on that issue.
In his Complaint, LoRicco alleges he is the holder of the note and mortgage. Complaint, ¶ 5. In his Answer, Pantani neither admits or denies that LoRicco holds the note and Mortgage. Answer, ¶ 5. [110] LoRicco's affidavit states that he is the holder of Pantani's note. LoRicco Affidavit, ¶ 4. [144] Pantani's Affidavit does not mention anything about CT Page 3977 LoRicco's being holder of the note. Pantani Affidavit. [149.02] The plaintiff has established that he is holder and Pantani has not raised a genuine issue of fact on that issue.
In the Complaint, it is alleged the note is default. Complaint, ¶ 4. In his Answer, Pantani neither admits or denies the default. In his affidavit, LoRicco states that "Pantani is in default of the payment of that note." LoRicco Affidavit, ¶ 5. [144] Pantani's affidavit does not mention anything about default. Pantani Affidavit. [149.02] The plaintiff has established Pantani's default; Pantani has not raised a genuine issue of fact on that issue.
It appears that plaintiff has shown he is entitled to partial summary judgment. However, in his Answer, Pantani also has set forth "Special Defenses," and what defendant has styled "Counterclaim Set Offs," and "Recoupment Set Offs." Answer. [110] The court makes an analysis to determine the effect of these pleadings on plaintiff's motion for partial summary judgment.
The gist of the Special Defenses is that Pantani does not own the property which is the subject of the mortgage, and that he never owned more than a 50% interest in the mortgaged property. Answer, Special Defenses, p. 2. [110] This creates a conundrum. Is this pleading true? If it is, Pantani breached the covenants of the mortgage deed, including his covenant that he is "well seized of the premises as a good indefeasible estate in FEE SIMPLE; and have good right to grant and convey the same in manner and form as herein written and the same are free from all encumbrances whatsoever, except as herein stated." See Complaint and Exhibits thereto. If Pantani did own the property as he covenanted on May 26, 1993, then the pleading is false. Pantani, as an attorney at law cannot be proud of either choice. Nevertheless, that need not be resolved now; it has no effect on the grant of partial summary judgment on the Complaint.
Pantani also claims he had performed all the services on many real estate closings for which Loricco was paid 45% of the fee. Pantani claims LoRicco was unjustly enriched by more than $67,000. Answer, Recoupment And/Or Set Off, p. 4. [110] Whether any of this money is due Pantani and should have any effect on the amount due on the note and mortgage is beyond the scope of this motion for partial summary judgment.
Pantani's primary defensive position is somewhat involved. CT Page 3978 Pantani, LoRicco, and others were involved as partners in a real estate development project, i.e., Goat Hill. The partners owed Shawmut Bank some $280,000. Shawmut sued the partners on this debt. LoRicco paid Shawmut the amount owed Shawmut. Pantani was a 40% partner in the Goat Hill project. Pantani executed the subject note and mortgage to pay LoRicco for LoRicco's having paid Pantani's 40% share of the amount owed Shawmut. Now, years after he executed the subject note and mortgage, and paid nearly 2/3 of it off, Pantani claims he would not have executed the note and mortgage if he had known that a note to the Shawmut Bank (or its predecessor) dated February 11, 1988 had been marked "paid" by the bank. The record, which includes Pantani's affidavit and a copy of the February 11, 1988 note does not show it was marked "paid" or when it was so marked if it ever was.
Pantani's brief does not demonstrate how all this is a defense to this action to foreclose. In fact, in neither brief or oral argument has Pantani even broached the issue. The court must assume this silence is born of the reality that there is no such authority. The court knows of none. What Pantani might have done or not done had he known something he did not know at the time is not a defense to plaintiff's action. And, the court notes that Pantani does not claim any fraud, misrepresentation, or the like by Pantani. Pantani's affidavit does not come near to charging LoRicco with fraud, misrepresentation, or the like.
The defendant, T. Marie Pantani, Pantani's wife, has filed a memorandum in opposition to summary judgment. See Memorandum of Law in Opposition to Motion for Summary Judgment of the Plaintiff Richard A. LoRicco, Sr., and in Support of the Objection of Plaintiff T. Marie Pantani Thereto, August 21, 1998. [148] Over a ream of papers were attached to the memorandum. However, T. Marie Pantani has not filed an affidavit or other material cognizable in a summary judgment proceeding. There is no showing of the significance or materiality of all these materials to the matter at hand.
The defendant T. Marie Pantani has not established any issue of fact.
The matters the defendants have raised in opposition to the motion are unavailing.
The motion for summary judgment as to liability is granted. Judgment shall enter on the complaint that the defendant Edmund CT Page 3979 L. Pantani is indebted to the plaintiff on the note. The amount of that debt must be determined in later proceedings.
Parker, J.